UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| SCHAARON MARTIN, | Case No. 14-CV-4462 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| MPLS SCHOOL DIST #1, STATE OF MN, CITY OF MPLS, and MDE, | |
| Defendants. | |

Schaaron Martin, pro se.

Plaintiff Schaaron Martin filed this lawsuit against various state and municipal entities. The complaint is difficult to understand; it appears to describe a long list of disputes that Martin and her children have had with various public entities or employees about various matters, and it appears to identify various judicial and administrative proceedings in which Martin and her children have been involved. Among many other things, the complaint appears to assert violations of the Fourth Amendment, ECF No. 1 at 3, 7-8, and to demand damages for "police brutality" and for an unlawful eviction, *id.* at 13. Martin sought leave to proceed in forma pauperis ("IFP"), without prepayment of the filing fee, *see* 28 U.S.C. § 1915. ECF No. 2.

Magistrate Judge Steven E. Rau reviewed Martin's complaint and found that it did not state a plausible claim for relief, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but allowed Martin a chance to amend it before recommending dismissal. ECF No. 4. When Martin

failed to submit an amended complaint, Judge Rau recommended dismissing her lawsuit for failure to prosecute.  ECF No. 5.  Martin did not object to this recommendation, and the Court adopted it and dismissed the action without prejudice.  ECF No. 6.

Martin filed a notice of appeal.  ECF No. 9.  This matter is before the Court on two motions that she filed on the same day as that notice:  a "motion for immediate reimbursement of all housing and transportation cost[s]," ECF No. 8, and an application to proceed IFP on appeal, ECF No. 11.  (Martin has since filed another application to proceed IFP in the district court as well.  ECF No. 16.)

Martin's appeal deprives the Court of jurisdiction over her motion for reimbursement.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).  Although the district court retains jurisdiction over collateral issues, *see, e.g.*, *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 (8th Cir. 1998) (sanctions), no jurisdiction remains over arguments about the "substance" of the case that is on appeal, *Liddell by Liddell v. Bd. of Educ.*, 73 F.3d 819, 822-23 (8th Cir. 1996).

Martin's motion discusses her record as a tenant, demands that the defendants stop "violating our rights," and requests reimbursement for housing and transportation costs.  ECF No. 8 at 1, 9-10.  Martin appears to be making further argument

regarding—and to demand additional relief for—the substantive violations alleged in her complaint, the dismissal of which is now pending before the Eighth Circuit. Martin's appeal therefore prevents the Court from exercising jurisdiction over her motion.

As for the IFP application: A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply to the district court for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. § 1915(a)(1). Martin has demonstrated that she is unable to pay the full filing fee. Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken "in good faith." § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are frivolous. *Id.* An appeal is frivolous, and therefore is not taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Neither Judge Rau nor the Court have been able to make sense—factual or legal—of Martin's complaint. Further, though Martin was offered the opportunity to better explain her claims, she failed to take advantage of that opportunity. The Court

finds that the appeal from the complaint's dismissal is frivolous—and therefore not taken "in good faith"—because the Court cannot discern a single argument that Martin seeks to make on appeal that has "an arguable basis either in law or in fact." *Id.* For that reason, Martin's IFP request is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Martin's motion for reimbursement [ECF No. 8] is DISMISSED FOR LACK OF JURISDICTION.

2. Martin's application to proceed on appeal in forma pauperis [ECF No. 11] is DENIED.

3. Martin's application to proceed in the district court in forma pauperis [ECF No. 16] is DENIED as moot.

Dated: March 9, 2015      s/Patrick J. Schiltz
                          Patrick J. Schiltz
                          United States District Judge